# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NA'IM ABDUL-MATEEN,

    *Plaintiff*,

v.

THOMAS BELL, *Warden*,
JANE DOE, *Nursing Staff,*

    *Defendants*.

_____/

CASE NO. 09-CV-13710

DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
(Doc. 11)
**AND DEFENDANT BELL'S MOTION TO DISMISS**
(Doc. 13)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion to Compel Discovery be **DENIED**, that Defendant Bell's Motion to Dismiss be **GRANTED**, and that the case be dismissed in its entirety.

## II. REPORT

### A. Introduction

Plaintiff Na'im Abdul-Mateen is a state prisoner who is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. On September 18, 2009, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment right to not have his serious medical needs treated with deliberate indifference was violated. Specifically, Plaintiff claims that on April 14, 2009, when he was transferred to the Gus Harrison

facility, the nurse who was "responsible for assisting in the assignment of recently arrived prisoners . . . by ensuring that [their] health accommodations are established and followed" refused to continue his special accommodation for a bottom bunk due to a bad knee. (Compl. ¶ 2C.) Plaintiff claims that on April 26, 2009, he fell while climbing down from his assigned top bunk onto a chair he was forced to use as a ladder and permanently damaged his knee. (*Id*. ¶ 14.)

On September 30, 2009, U.S. District Judge Robert H. Cleland referred all pretrial matters to the undersigned magistrate judge. (Doc. 3.) Before the Court are Plaintiff's motion to compel discovery and Defendant Bell's motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 6, 2010, Defendant Bell filed a response in opposition to Plaintiff's motion (Doc. 14) and on January 14, 2010, Plaintiff filed a response in opposition to Defendant's motion (Doc. 16.) Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

**B.      Defendant Bell - Motion to Dismiss**

**1.      Motion Standards**

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on

its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### 2. Defendant's Arguments

Defendant Warden Thomas Bell asserts that Plaintiff has failed to state a claim against him in either his official or personal capacity. In his personal capacity, Defendant argues that the claim fails because it is based solely on the allegation that the warden's subordinate staff failed to accommodate Plaintiff with a bottom bunk (*see* Compl. ¶ 28), and liability cannot be based on the right to control employees, but must be based on a showing that the defendant supervisor at least implicitly authorized or approved of unconstitutional behavior. (Def.'s Mot., Doc. 13 at 9.) With regard to any claim brought against him in his official capacity, Defendant Warden Bell asserts that such a claim is barred by the Eleventh Amendment. (*Id*. at 11.)

### 3. Plaintiff's Response

Plaintiff responds to Defendant Bell's motion by pointing to the MDOC Policy Directive that provides that each institution is administered by a warden who is "responsible for the overall operations of the institution, including formulating annual goals for the institution and translating these goals into measurable objectives." (Pl.'s Resp., Doc. 16 at 7 (quoting MDOC PD 01.01.101(2)(e).) Plaintiff reasons that Warden Bell was put on notice by the filing of past inmate grievances that falls from top bunks causing injury have occurred, and, despite such knowledge, Defendant Bell "failed to act to avert the harmful condition." (Doc. 16 at 7.)

### 4. Discussion

I suggest that Defendant Bell's motion be granted. First, I suggest that Defendant Bell is correct that Plaintiff has failed to state a claim against him in his personal capacity because Plaintiff has not alleged that Defendant Bell personally took any actions that were in violation of Plaintiff's rights. In a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129

S. Ct. at 1948. *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). Furthermore, to the extent Defendant Bell was named individually because of his supervisory role as warden of the facility where Plaintiff resided, I suggest dismissal is still appropriate because a supervisor cannot be held liable under section 1983 absent a showing that the supervisor personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). Here, there is no allegation that he did so.

With regard to Defendant Bell in his official capacity, "a suit against a government officer 'in his official capacity' is the same as a suit against the governmental entity for which the officer is an entity." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (some internal quotations and citations omitted). Therefore, suing Defendant Bell in his official capacity is the same as suing the State of Michigan. The law is clear, however, that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979),

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

For these reasons, I suggest that Defendant Bell's motion to dismiss be granted.

**C.     Defendant "Jane Doe Nursing Staff" & Plaintiff's Motion to Compel**

On January 4, 2010, Plaintiff filed a motion to compel discovery, stating that on November 13, 2009, he sent interrogatories to Defendant Bell in an effort to learn the identity of "Jane Doe Nursing Staff" and that he never received a response. (Doc. 11.) Defendant Bell responded to the motion to compel by asserting (1) that he was never served with interrogatories and first heard of their existence when he received the motion to compel; and (2) that Plaintiff does not require the requested discovery to ascertain the identity of the unidentified nursing staff member who evaluated him on the day of his arrival at the facility because, pursuant to MDOC policy, an inmate has access to his medical file. (Doc. 14 at 6-7.)

Plaintiff did not respond to Defendant Bell's assertion that he was never served with the interrogatories. Plaintiff states, however, that because he is indigent, he cannot afford the MDOC fees for obtaining copies of his medical records. (Doc. 16 at 9.) Defense counsel counters that the department's operating procedures provide that prisoners may receive a loan to pay for photocopies of medical records if the copies are necessary for litigation, citing MDOC Operating Procedure 01.06.110A. Defendant counsel is correct, *see Nali v. Mich. Dep't of Corr.*, 2009 WL 3052227, at *11 (W.D. Mich. Sept. 21, 2009) (prisoners may receive a loan to pay for photocopies of medical records necessary for litigation pursuant to operating procedure) (unpublished), and therefore I suggest that Plaintiff's motion to compel be denied. Furthermore, because more than 120 days have elapsed since the filing of the complaint and Defendant Jane Doe has not been

identified and served, I suggest that she be *sua sponte* dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and the case dismissed.

III. **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                          s/ *Charles E Binder*
                                          CHARLES E. BINDER
Dated: March 29, 2010                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Julia Bell, and served by first class mail on Na'im Abdul-Mateen, #148380, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI, 49221-3506; and on District Judge Cleland in the traditional manner.

Date:  March 29, 2010					By	s/*Jean L. Broucek*
							Case Manager to Magistrate Judge Binder