# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NA'IM ABDUL-MATEEN,

    Plaintiff,

v.                                            Case No. 09-CV-13710

THOMAS BELL and
JANE DOE,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS; ACCEPTING AND INCORPORATING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT BELL'S MOTION TO DISMISS**

A motion to dismiss was filed by Defendant Thomas Bell and referred to United States Magistrate Judge Charles Binder pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a Report and Recommendation suggesting that the Defendants' motion to dismiss should be granted. Plaintiff filed timely objections pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, the court will accept the recommendation of the magistrate judge and grant Defendant's motion.

## I. INTRODUCTION

Plaintiff is a prisoner in the custody of the Michigan Department of Corrections. This is an action under 42 U.S.C. § 1983 revolving around Plaintiff's claim that he should have been assigned to a lower bunk, and that the injuries he says he suffered in slipping and falling while getting down from an upper bunk are the responsibility of the Warden.

## II. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments preciously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the

district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)

A general objection to the magistrate's report has the same effect as a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. DISCUSSION

Plaintiff's objection to the dispositive R&R is that the magistrate judge failed to agree with Plaintiff's central point, i.e., that defendant Warden retains a personal responsibility of "maintaining a safe environment." Pl. Obj. at p. 1. The court interprets this objection as general, a restatement of the argument first presented in the complaint and his response to the motion to dismiss. Plaintiff accompanied his objection with a citation to *Taylor v. Michigan Dept. Of Corrections*, 69 F. 3d 76 (6th Cir. 1995), not earlier cited, in which the Court of Appeals located sufficient evidence in the record to support denial of summary judgment:

> [The warden's] testimony from his own deposition reveals that he was aware that his direct designees were redelegating his authority over transfers to lower echelon prison staff without any explicit authorization to do so, that he was not even sure of the procedures for approval of transfers, and that he had no review procedures to determine whether his authority was being abused. . . . His testimony certainly presents a jury question about the existence and adequacy of reasonable transfer

3

procedures."

*Taylor,* 69 F. 3d at 80.

First, the court observes that Plaintiff's argument from *Taylor* was not presented to the magistrate judge, nor was there any suggestion in the complaint or in the response to the motion to dismiss that there existed any knowing re-delegation without authorization or that there was a knowing failure to establish review procedures equivalent to those in *Taylor*. Second, the *Taylor* panel analyzed and rendered its fact-finding with respect to a post-discovery motion for summary judgment under Rule 56, the standards for which are distinct from Rule 12(b)(6), under which the pending motion was brought. Third, Taylor predated by twelve years *Bell Atlantic v. Twombley*, 550 U.S. 544 (2007), and its explanation of the requirement of factual plausibility.

This is insufficient. The objection is rejected.

Plaintiff's second objection is to the magistrate judge's recommendation that the Plaintiff's motion to compel be denied. The magistrate judge included this discussion in his Report and Recommendation, but this non-dispositive motion under § 636(b)(1)(A) is subject to the magistrate judge's *decision*, not mere recommendation. The court interprets the determination on the motion to compel as such a decision in this instance. A determination made by the magistrate under § 636(b)(1)(A) on a discovery motion may be appealed. "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. § 636(b)(1)(A) No such showing is made in this instance. In any event, discovery built on the foundation of an insufficient complaint is inherently inappropriate. See, e.g., *Skousen v. Brighton High School*, 305 F.3d 520, 527 (6th Cir.

2002) ("[T]he district court was required to determine –*prior to permitting further discovery*– whether Skousen's complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation.") (emphasis added). Plaintiff's second objection is also rejected.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's objections [Dkt. # 18] are DENIED, and the magistrate judge's recommendation [Dkt. # 17] to grant Defendant's motion to dismiss and/or for summary judgment is ADOPTED AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's motion to compel [Dkt. # 11] is DENIED and Defendant's motion to dismiss [Dkt #13] is GRANTED.

Judgment will issue for Defendants.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: April 28, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-13710.MATEEN.Dismiss.2.wpd