UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NA'IM ABDUL-MATEEN,

    Plaintiff,

v.                                    Case No. 09-CV-13710

THOMAS BELL and JANE DOE,

    Defendants.
                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

      Plaintiff Na'im Abdul-Mateen, a Michigan prisoner proceeding pro se, seeks relief from the court's judgment dismissing his complaint, filed under 42 U.S.C. § 1983. A previous motion for relief from judgment has been denied; Plaintiff now seeks reconsideration of that order. Because he fails to identify a palpable defect by which the court has been misled, Plaintiff's motion will be denied.

      Plaintiff filed a § 1983 complaint against the warden of Gus Harrison Correctional Facility in Adrian, Michigan, and an unknown member of the nursing staff, alleging a violation of his rights under the Eighth Amendment. He alleges that Defendants were deliberately indifferent to his medical needs when they assigned him to a top bunk, despite his having an injured knee which required a bottom bunk assignment. He claims that he suffered permanent injury to his knee when he fell while getting down from the upper bunk. Plaintiff also filed a motion to compel Defendant Thomas Bell to respond to interrogatories designed to assist Plaintiff in identifying the unknown nurse. The court referred the matter to United States Magistrate Judge Charles Binder, who

issued a Report and Recommendation suggesting that Defendant's motion to dismiss should be granted and denying the motion to compel.  On April 28, 2010, the court issued an "Opinion and Order Denying Plaintiff's Objections; Accepting and Incorporating Magistrate Judge's Report and Recommendation; Denying Plaintiff's Motion to Compel and Granting Defendant Bell's Motion to Dismiss."  Plaintiff appealed the court's decision.  On January 5, 2011, the Court of Appeals affirmed.  *Abdul-Mateen v. Bell*, No. 10-1635 (6th Cir. Jan. 5, 2011).

Thereafter, Plaintiff filed a "Motion for Relief from Judgment" under Fed. R. Civ. P. 60(b)(1).  The court denied the motion because Rule 60(b)(1) motions must be brought "no more than a year after the entry of the judgment or order."  Fed. R. Civ. P. 60(c)(1).  The court also denied the motion because, the law-of-the-case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or implicitly resolved."  *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010).

Plaintiff now brings a motion for reconsideration, in which he argues that he meant to bring his previous motion under Rule 60(b)(6), which does not contain the one year time limitation on such motions.  While this is true, all motions brought under Rule 60(b) must still be brought within a "reasonable time," and Plaintiff does not explain how his motion, filed almost a year and a half after the judgment became final, and eight months after the judgment was affirmed, was filed within a "reasonable time."  Nor does Plaintiff explain how his motion can overcome the law of the case doctrine, the alternative basis on which this court's last order was decided.

To prevail on a motion for reconsideration, Plaintiff "must not only demonstrate a

2

palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).  The local rules provide that "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*  Here, Plaintiff does not identify any such palpable defect.  His case is over.  This court's judgment was affirmed by the Sixth Circuit, and Plaintiff is not entitled to re-litigate it in perpetuity.  Accordingly,

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 33] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2013, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522